In the Matter of CHRISTIAN J. MACWILLIAMS, an Attorney, Respondent.

First Department, November 5, 1920.

**Attorney at law suspended — conversion of moneys of client — effect of restitution.**

Attorney at law suspended from practice for six months with leave to apply for reinstatement at the expiration of that term, for neglecting to pay over moneys collected for a client until a complaint had been made to the Association of the Bar.

The fact that the attorney made a settlement with the complaining witness after disciplinary proceedings were instituted does not wipe out or condone a conversion.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*E. A. Heffernan*, for the respondent.

CLARKE, P. J.:

Respondent was admitted to practice as an attorney and counselor at law at a term of the Appellate Division of the Supreme Court in the Second Department in September, 1914, and was practicing in the First Judicial District at the time the acts complained of were committed.

The petition alleges that the respondent has been guilty of misconduct as an attorney at law in that he collected certain moneys for his clients, converted them to his own use, failed to comply with demands for an accounting, and did not pay over the amount due his clients until after he was notified that charges had been filed against him with the Association of the Bar.

It appears that on January 16, 1919, the respondent, acting as attorney for the Evans Costume Company, collected from Lincoln & Parker a sum of money due his client and on that day received a check for $470.37. He deposited said check to his personal credit in the Greenpoint National Bank not later than January 20, 1919. At the time of said deposit in said bank respondent had a balance of only $2.74 to his credit

therein. He began at once to withdraw said money for his own use, so that on February tenth his balance amounted to only $21.22. On April 15, 1919, his client wrote: "We will also ask you to send us a statement to date showing all collections made by you together with a remittance covering same at the earliest possible moment as we are desirous of getting this matter straightened out and see how we stand."

On May 8, 1919, it wrote: " The following accounts have all been collected by you some time ago and no remittance or statement has been rendered us. (Then follows a statement of the accounts.) This is contrary to our idea as to how business should be conducted and we must insist upon a statement to date together with an immediate remittance."

On May 22, 1919, it wrote: "We have requested statement several times in reference to amounts collected upon the claims forwarded you by us and have received no reply. Would inform you that unless definite news is received by Monday next we shall take this matter up through other channels."

And on June 18, 1919, it wrote: " Finding that demands made upon your office by Mr. Ryan have brought about no results and that you neglect to pay any attention to or answer our letters to you, we would advise you unless a remittance is made on the amount that you collected in our behalf on or before June 23rd that the entire matter will be forwarded to the Bar Association without further notice. This is our final demand upon you."

These repeated requests having been ignored, the client forwarded a complaint to the Association of the Bar. The respondent being notified of that fact, for the purpose of making a settlement with his client, sold some Liberty Bonds and settled with it on the 11th day of July, 1919.

The learned official referee reported that it is the repondent's testimony that he replied to each of the letters from his client by telephone and on each occasion promised to give the matter his attention, but that this testimony is in conflict with petitioner's testimony and that the language contained in the letters of respondent's client indicates clearly that no response to them was received by the client. The learned referee finds the explanation and excuse urged in defense of the respondent to fall far short of overcoming the proof in

support of the charge of misconduct and the handling of the business in question, as tested by the well-settled ethical standards of the legal profession, and he finds that the respondent is guilty of misconduct as an attorney at law.

This court has repeatedly said that disciplinary proceedings are not instituted for the purpose of collecting moneys due from attorneys to their clients and that the fact of settlement with the complaining witness does not wipe out or condone the conversion of the client's funds. The learned official referee while finding the respondent guilty of misconduct also reports: " It would seem, nevertheless, the explanations and excuses may properly be taken into consideration in measuring the discipline which should be administered herein."

This matter presents another illustration of the danger incident to the deposit of a client's money in the attorney's personal account. The respondent undoubtedly was guilty of conversion, for when he made the deposit his account was at extremely low ebb and he immediately began to use his client's money to pay his own obligations. While it may be granted that he had no deliberate intent to defraud, yet for months he had used moneys which did not belong to him and neglected to comply with repeated requests for an accounting and payment over. Taking into consideration the recommendation of the referee and the letters and certificates as to respondent's character submitted, we approve of the finding that he was guilty of professional misconduct and direct that he be suspended from practice for six months, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions to be incorporated in the order to be entered hereon.

LAUGHLIN, DOWLING, SMITH and GREENBAUM, JJ., concur.

Respondent suspended for six months. Settle order on notice.